Eminent domain; taking; res judicata. — This case came to the court on defendant’s motion for summary judgment, having been submitted to the court on the briefs and accompanying papers of the parties and without a request for oral argument. Upon consideration of the case, the court concludes as follows in its order of October 26,1973.
Before CoweN, Chief Judge, SeeltoN and BeNNett, Judges.
*1122 “(1) Plaintiffs here were condemnees in an action in the United States District Court wherein the Government took certain of their lands to a high-water mark designated as 362.6 feet m.s.l. United States v. 124.84 Acres of Land, No. EV 65-C-53 (S.D. Ind. Dec. 7, 1966), aff'd, 387 F. 2d 912 (7th Cir. 1968). They received a judgment for said lands but challenged the correctness of the 362.6-foot elevation, widely had their views prevailed, would have added 12 to 15 acres to the taking. The district court concluded that it Was without authority to alter or to amend that bench mark to include additional lands. Plaintiffs did not appeal that decision and now accept it as correct. However, they here seek recovery tmder the Tucker Act for lands not included in the 1965 complaint for condemnation which was the subject of the judgment referred to above. Defendant states that plaintiffs are barred by the doctrine of res judicata because the same parties were before the district court when the same issue was decided there. We conclude otherwise. The district court failed to decide plaintiffs’ properly-raised allegation that elevation 362.6 feet m.s.l. was not the correct ordinary high-water mark. The court did not reach that issue on the merits and concluded that it had no authority to do so, as noted above. Plaintiffs reserved their right, upon advice of Government counsel and a Rule 71A commission, appointed by the district court, to proceed on the correctness of the high-water mark in a Tucker Act proceeding in the Court of Claims. The district court could have considered this issue. United States v. 21.54 Acres of Land, No. 72-2447 (4th Cir. July 13,1973). Its failure to do so does not divest the Court of Claims of its jurisdiction in a separate proceeding under different statute. No final judgment has been rendered on the instant issue and a genuine issue of material fact remains to be adjudicated. The issue is not barred.
“(2) Plaintiffs’ assertion that defendant is barred by es-toppel from asserting the defense of res judicata is rendered moot by the above ruling, but is without validity in any event.
“(3) Plaintiffs’ Count II states a new claim upon which relief can be granted insofar as it states a claim regarding sand and gravel taken from land “at or near,” but not included in the taking. The district court consideration, in *1123 United States v. 124.84 Acres, supra, specifically avoided this matter. No independent claim npon which, relief can be granted has 'been stated for sand and gravel taken from land included in the taking which, might lie below elevation 362.6 feet and above a correct ordinary high-water mark, if such a different mark exists. Existence of mineral deposits on land taken by defendant cannot be considered independently, but must be considered only as it enhances the value of the whole. United States v. 158.76 Acres of Land, 298 F. 2d 559, 561 & n. 4 (2d Cir. 1962). Any compensation for such sand and gravel taken must be included in the compensation received for the taking of that area below elevation 362.6 feet and above the correct ordinary high-water line, if such area is found actually to exist.
“it is theRerfore ORdeked that defendant’s motion for summary judgment be and it is hereby denied.
“it is further ordered that the case be and it is hereby remanded to the Trial Division of this court for proceedings consistent herewith.”